## GARY ROGERS *v.* NORTHEAST UTILITIES (AC 15508)

Foti, Spear and Hennessy, Js.

Argued March 20—officially released April 29, 1997

---

*William F. Gallagher*, with whom, on the brief, was *Thomas J. Airone*, for the appellant (plaintiff).

*Patricia E. Reilly*, with whom, on the brief, was *Richard W. Bowerman*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff appeals from the judgment rendered for the defendant following a jury trial. The plaintiff claims that the trial court improperly (1) refused to grant a continuance for rebuttal evidence and (2) excluded evidence of mental distress and resulting disability from possible exposure to radiation contamination. The defendant asserts that the general verdict rule applies, precluding appellate review of the plaintiff's claims. We agree with the defendant and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 12, 1989, the plaintiff, a union carpenter employed by the C. N. Flagg Power, Inc., was working at a nuclear power plant owned by the defendant that had been shut down. The plaintiff was constructing support staging of tubular steel pipes and wooden platforms. He was working in the containment area and wore protective covering. As the plaintiff attempted to go around a leaking valve, he slipped on a lubricant spilled by other laborers and fell to the staging below. He landed in a pool of water that he believed was contaminated.

The plaintiff filed a one count complaint alleging negligence. The defendant denied the allegations of negligence and raised contributory negligence as a special defense. The jury returned a general verdict in favor of the defendant; neither party had filed interrogatories for the jury. The defendant's verdict form, used by the

jury, read: "To be used if you find Defendant, Northeast Utilities, *not* legally liable or if you find the Plaintiff, Gary Rogers, comparatively responsible to the extent of 51% or more." (Emphasis in original.)

The general verdict rule provides that "if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). The defendant's denial of the plaintiff's allegations of negligence and the defendant's special defense of contributory negligence constituted two separate and distinct defenses, either of which may have supported the verdict for the defendant. See *Mazuroski* v. *Hernovich*, 42 Conn. App. 574, 577, 680 A.2d 1007, cert. denied, 239 Conn. 922, 682 A.2d 1003 (1996).

The plaintiff argues that because the defendant offered no liability witnesses or evidence other than facts impacting on the plaintiff's credibility, the jury could not have found that the defendant proved its special defense, and the general verdict rule, therefore, should not be applicable. We do not agree. The trial court charged the jury on the defendant's special defense without objection by the plaintiff. The evidence was sufficient for the jury to find the special defense proven, even if only through the testimony of the plaintiff.

The plaintiff also claims that even if the general verdict rule technically applies, his claims should be reviewed because "credibility trumps the general verdict rule." He argues that the trial court should have permitted him to present rebuttal evidence bearing on the issue of his credibility. Specifically, he contends that the trial court should have allowed him to present evidence of his mental distress resulting from his possi-

ble exposure to contaminated water, which, he claims, impacts on his credibility.

Our review of the record leads us to conclude that both issues claimed go to damages rather than liability. Because the jury rendered a defendant's verdict, it never had to consider damages. Even if the court acted improperly in either or both of these rulings, any such error would be harmless. The impeachment evidence introduced by the defendant affected only damages, not liability. It went to the claim presented by the plaintiff that he was unable to work. Rebuttal evidence in this area would not affect liability, nor would liability be affected by evidence of the plaintiff's mental distress.

While it may be argued that, under the maxim falsus in uno, falsus in omnibus,[1] any issue relevant to credibility may necessarily affect a fact finder's determination as to liability, the circumstances presented on the record before us lead us to conclude that the plaintiff's claims relate only to the issue of damages. Our application of the general verdict rule, therefore, precludes review of the plaintiff's claims.

The judgment is affirmed.

---

[1] This maxim expresses the general principle of law that where a witness has testified falsely as to some material matter, the jury may be free to disregard that witness' testimony in other respects, unless it is corroborated by other proof.