[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10248
In the instant action the plaintiff sought to recover money damages by reason of injuries allegedly sustained while on premises owned and controlled by the defendant. The plaintiff specifically alleged that she was injured when a table which had three legs instead of four legs fell against her. It was her contention that the table under the attendant circumstances constituted an unreasonably dangerous condition as to which the defendant had notice.
The jury in response to interrogatories indicated that the table which had three legs instead of four did not constitute an unreasonably dangerous condition under the circumstances (Answer to Interrogatory #2) and that in any event the defendant did not have notice of the condition of the table (Answer to Interrogatory #3).
The court in its charge outlined the elements of a cause of action sounding in negligence including inter alia the necessity that the plaintiff prove the factual nature of the condition, that the condition as found to exist was unreasonably dangerous and that the defendant had notice thereof and thereafter failed to remedy said condition or warn the plaintiff of its existence.
The plaintiff now claims for the first time that the condition of the table was unreasonably dangerous as a matter of law. The plaintiff voiced no exceptions to the change thereby agreeing that it accurately set forth the applicable rules of law. Lengel v. New Haven Gas Light Co., 142 Conn. 70, 77.
The plaintiff did not request that the jury be instructed that the table was an unreasonably dangerous condition as a matter of law nor did the plaintiff object to the submission of said issue to the jury as a question of fact for determination by it.
Further in a charge conference held prior to final arguments, the plaintiff did not voice any objection to the charge as proposed by the court.
Also the formulation of Interrogatories was the subject of a conference between court and counsel. CT Page 10249
The Interrogatories were submitted to counsel prior to final arguments for review and comment. Plaintiff's counsel did not object to the submission of Interrogatory #2 to the jury. The failure to timely raise this question is fatal to plaintiffs present position. In any event, the issue of whether the table was unreasonably dangerous was factual in nature as to which the plaintiff had the burden of proof. The jury's conclusion was one which could be fairly reached on the evidence.
Assuming the plaintiff is correct in her claim that the table was an unreasonably dangerous condition as a matter of law, she was still obligated to prove that the defendant had notice thereof. As stated above the response to Interrogatory #3 indicated the defendant did not have notice of the condition of the table. Notice is a critical element in establishing liability.
Although noted in her motion to set aside the verdict, the plaintiff did not argue the claim of error concerning the evidential ruling excluding testimony of Dyann Thomas relative to statements made to her by plaintiff. Said claim is without merit as the statements were offered without limitation, and hence were hearsay. Further the statements excluded at best may have been relevant on the issue of damages.
Where the issue of liability has been resolved in favor of the defendant a claimed erroneous ruling with respect to damages need not be addressed. McKiernan v. Caldor, Inc., 183 Conn. 164,166; Murphy v. Soracco, 174 Conn. 165, 166; Rogers v. NortheastUtilities, 45 Conn. App. 23, 26 Cert. denied, 241 Conn. 924.
Motion denied
Flanagan, J.