JOHN C. GIBBONS *v.* UNITED TECHNOLOGIES
CORPORATION, PRATT AND WHITNEY
AIRCRAFT DIVISION, ET AL.
(AC 20749)

Foti, Spear and Hennessy, Js.

---

Argued March 21—officially released May 15, 2001

*Brian W. Prucker*, for the appellant (plaintiff).

*Douglas L. Drayton*, for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiff, John C. Gibbons, appeals from the decision of the workers' compensation review board (board) affirming the decision by the workers' compensation commissioner (commissioner) dismissing his claim for benefits. On appeal, the plaintiff claims that the board improperly affirmed the commissioner's decision because the commissioner incorrectly applied the law to the subordinate facts. We affirm the decision of the board.

The commissioner found the following facts. The plaintiff was employed by the defendant employer, United Technologies Corporation, Pratt and Whitney Aircraft Division,[1] on March 11, 1991, when he felt ill and went to the plant medical department. He thereafter was transported by ambulance to the Middlesex Shoreline emergency room, where he was diagnosed with a

---

[1] CIGNA Property and Casualty Companies, the workers' compensation insurance carrier for the named defendant, also is a defendant in this action.

heart condition. In 1994, he filed a notice of claim[2] regarding his March 11, 1991 illness, claiming that it was an accident caused by a confrontation with his supervisor, Albert LaBelle. The plaintiff told Arthur V. McDowell, his physician, about the confrontation with LaBelle, causing McDowell to opine that this event caused the plaintiff to have a heart attack on March 11, 1991. LaBelle, a long-term employee of the defendant, became fifty years old on March 11, 1991. Contrary to the plaintiff's version of events, LaBelle did not come to work on March 11, 1991, as he regularly did not come to work on his birthday. LaBelle's attendance record confirmed his absence on that date.

The commissioner determined that "[t]he heart of this matter is credibility," and concluded that the plaintiff's "testimony and presentation of his history to his physician was inaccurate and lacked credibility." The commissioner therefore concluded that the plaintiff had "failed to sustain his burden of proving that he sustained an accidental injury arising out of and in the course of his employment with the employer." Accordingly, the commissioner dismissed the plaintiff's claim. Thereafter, the commissioner denied the plaintiff's motion to correct the commissioner's decision. The plaintiff appealed to the board from that denial and from the commissioner's ruling dismissing his claim. After the board affirmed the commissioner's decision, the plaintiff brought this appeal.

"The principles that govern our standard of review in workers' compensation appeals are well established.

---

[2] The plaintiff contends that he did not file a notice of claim, which also is known as a form 30C. "A form 30C is the name of the form prescribed by the workers' compensation commission of Connecticut for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 619 n.11, 748 A.2d 278 (2000). The board determined "that the commissioner's reference to a notice of claim was irrelevant to the ultimate decision in the case, which depended upon the credibility of the [plaintiff's] testimony." We agree.

The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the review board nor this court has the power to retry facts. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board." (Citations omitted; internal quotation marks omitted.) *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 411, 750 A.2d 1098 (2000).

"We will not review the facts as found by the commissioner. Our role is to determine whether the review [board's] decision results 'from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.' *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 118, 411 A.2d 924 (1979); *Luddie* v. *Foremost Ins. Co.*, 5 Conn. App. 193, 196, 497 A.2d 435 (1985)." *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986).

"[T]he power and duty of determining the facts rests on the commissioner, who is the trier of fact. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539 [542 A.2d 1118] (1988), citing *Czeplicki* v. *Fafnir Bearing Co.*, 137 Conn. 454, 457 [78 A.2d 339] (1951). This authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses. *Tovish* v. *Gerber Electronics*, 32 Conn. App. 595, 599 [630 A.2d 136] (1993), appeal dismissed, 229 Conn. 587 [642 A.2d 721] (1994)." (Internal quotation marks omitted.) *Funaioli* v. *New London*, 52 Conn. App. 194, 197, 726 A.2d 626 (1999).

The standard of review used by the board when reviewing a commissioner's findings requires the board

"not to retry the case before it, but to determine whether evidence supports the commissioner's finding." *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 447, 774 A.2d 992 (2001).

It is well settled in workers' compensation cases that the injured employee bears the burden of presenting competent evidence to prove that an injury was causally connected to the workplace. *Murchison* v. *Skinner Precision Industries, Inc.*, 162 Conn. 142, 151, 291 A.2d 743 (1972). "Whether an injury arose out of and in the course of employment is a question of fact to be determined by the commissioner." *Pereira* v. *State*, 228 Conn. 535, 544, 637 A.2d 392 (1994).

Consequently, the plaintiff was required to demonstrate a causal connection between his employment and his heart attack to prove that he was entitled to compensation benefits. He attempted to satisfy that burden by presenting his medical history to his physician, McDowell, who then rendered a medical opinion about the cause of the plaintiff's injury on the basis of that medical history. The commissioner properly evaluated the weight to afford that medical history and the medical opinion that followed from it. The commissioner, as reflected in his decision, obviously doubted that the alleged stressful incident between the plaintiff and LaBelle actually occurred. That determination consequently brought into question the plaintiff's entire testimony concerning his injuries.

The maxim, "falsus in uno, falsus in omnibus," expresses the general principle of law that the commissioner may have applied. That maxim, meaning "false in one thing, false in everything," expresses the general principle of law that when the trier of fact determines that a witness has testified falsely in one respect, it is free to disregard that witness' testimony in other respects, unless such testimony is corroborated by

other proof. See *Rogers* v. *Northeast Utilities*, 45 Conn. App. 23, 26 n.1, 692 A.2d 1301, cert. denied, 241 Conn. 924, 696 A.2d 1266 (1997); Ballentine's Law Dictionary (3d Ed. 1969). The commissioner found the factual inconsistency, or discrepancy, in the plaintiff's representation to his physician to be significant. That was the commissioner's decision, and it was within his discretion to accept some, all or none of the plaintiff's testimony. The issue was one of credibility. The conclusions drawn by the commissioner from the facts found must stand because they did not result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. See *Dengler* v. *Special Attention Health Services, Inc.*, supra, 62 Conn. App. 445.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.