DANIEL PANTANELLA *v.* ENFIELD
FORD, INC., ET AL.
(AC 20453)

Landau, Dranginis and Shea, Js.

Argued March 26—officially released August 14, 2001

*David A. Kelly*, for the appellant (defendant Connecticut Insurance Guaranty Association).

*Jeffrey D. Cedarfield*, with whom, on the brief, was *Patrick Tomasiewicz*, for the appellee (plaintiff).

*Colette S. Griffin*, for the appellees (named defendant et al.).

*Timothy G. Zych*, for the appellee (defendant St. Paul Fire and Marine Insurance Company).

*Opinion*

LANDAU, J. The defendant Connecticut Insurance Guaranty Association (CIGA)[1] appeals from the decision of the workers' compensation review board (board) affirming the finding and award of compensa-

---

[1] The other defendants are Enfield Ford, Inc., Transamerica Insurance Company, and St. Paul Fire and Marine Insurance Company. Transamerica Insurance Company and Enfield Ford, Inc., filed a joint brief as appellees. St. Paul Fire and Marine Insurance Company joined in the plaintiff appellee's brief in part.

tion and attorney's fees by the workers' compensation commissioner (commissioner) to the plaintiff, Daniel Pantanella. On appeal, CIGA claims that the commissioner improperly (1) concluded that the plaintiff is entitled to attorney's fees, (2) concluded that CIGA waived any statute of limitation defense, (3) failed to grant its motion to correct and (4) abused his discretion by failing to grant its motion to open the record to admit additional evidence. We affirm the decision of the board.

In his finding and award, dated July 3, 1996, the commissioner found the following facts. The plaintiff was a longtime employee of the defendant Enfield Ford, Inc. (Enfield Ford), which, at the relevant times, had workers' compensation liability insurance coverage through either St. Paul Fire and Marine Insurance Company (St. Paul), American Mutual Insurance Company (American) or TIG Insurance Company (TIG). The plaintiff, during the course of his employment, suffered a series of four back injuries. The first occurred on February 15, 1977, the second occurred on March 3, 1986, the third occurred on August 7, 1992, and the fourth occurred on February 22, 1994. St. Paul provided Enfield Ford's workers' compensation liability insurance coverage at the time of the first injury, American provided the coverage at the time of the second injury, and TIG provided the coverage at the time of the third and fourth injuries. Sometime after the second injury, American became insolvent and CIGA appeared on its behalf.

The plaintiff was treated by a number of physicians and eventually requested that physician James T. Mazzara render an opinion concerning the permanency of his injuries and assign a percentage of the permanency to each of the four back injuries for his workers' compensation action. In a report dated July 27, 1994, Mazzara opined that the plaintiff had a 12 percent

permanent partial disability to his lumbar spine. Maz-
zara attributed 40 percent of the disability to the first
injury, 40 percent to the second injury and 20 percent
to the third injury.[2] The opinions in Mazzara's report
were well founded, reasonable and persuasive.

Accordingly, St. Paul and TIG entered into
agreements with the plaintiff to pay their respective
shares of the permanency for the first and third injuries
in accordance with Mazzara's report. CIGA refused to
pay its share of the permanency for the second injury,
which resulted in undue delay of payment of the bene-
fits due to the plaintiff.

Formal hearings were held on July 20, 1995, and Sep-
tember 28, 1995, after which the record as to evidence
was closed. At a formal hearing on May 2, 1996, CIGA
attempted to introduce the transcript of a deposition
of Mazzara, which was taken after the close of evidence.
The commissioner noted the plaintiff's objections and
excluded the proffered deposition transcript.

As a result of his findings, the commissioner con-
cluded that each workers' compensation liability carrier
was liable for its share of the permanency found by
Mazzara. In addition, the commissioner ordered CIGA
to pay (1) 12 percent interest on its share of the perma-
nency from the date of Mazzara's report to the date of
payment and (2) $3500 in attorney's fees. On March 21,
1997, CIGA filed a motion to open, seeking, inter alia,
to introduce the transcript of Mazzara's deposition. The
plaintiff objected, and the commissioner sustained the
objection without holding a hearing.

CIGA appealed to the board from the commissioner's
finding and award (*Pantanella I*). On appeal to the
board, CIGA claimed that the commissioner (1) lacked
jurisdiction to hear the underlying claim, (2) improperly

---

[2] Mazzara did not assign any permanency to the fourth injury.

failed to conclude that the claim was not a covered claim, (3) improperly failed to conclude that notice of the claim was not given in a timely manner, (4) abused his discretion in making evidentiary rulings, including failing to conduct a hearing with respect to the motion to open and (5) improperly awarded attorney's fees for CIGA's undue delay in paying the plaintiff compensation. In its revised opinion, dated January 28, 1998, the board concluded that it could not review CIGA's notice claim because the commissioner did not make a finding of fact as to when CIGA received notice of the claim against it. Similarly, the board concluded that it could not review CIGA's claim that attorney's fees were improperly awarded because the commissioner did not make a finding of fact regarding whether the delay in the payment of compensation to the plaintiff was due to the fault or neglect of CIGA. The board also concluded that the commissioner had improperly denied CIGA's motion to open without holding a hearing. The board remanded the case for the commissioner to make findings of fact for the claims as to notice and attorney's fees, and for a hearing on CIGA's motion to open. The board affirmed the commissioner's decision with respect to the other claims.

On remand, the commissioner conducted a hearing on the motion to open. The commissioner concluded that the motion to open contained no new information regarding CIGA's request to introduce the excluded evidence and, therefore, he denied the motion. Pursuant to the board's order, the commissioner made the following findings of fact: (1) CIGA waived any notice claim, and (2) the undue delay in payment of benefits to the plaintiff was caused by the fault of CIGA.[3] In a motion to

---

[3] Specifically, the commissioner found that CIGA's refusal to accept its share of the permanency, its repeated attempts to introduce the deposition and its disingenuous arguments all contributed to delay in the payment of benefits to the plaintiff.

correct dated November 24, 1998, CIGA claimed that the commissioner failed to follow the board's order for him to make a finding with respect to the *date* that notice was sent to CIGA. In his response dated December 14, 1998, the commissioner reasserted that CIGA had waived any notice claim, and he denied the motion to correct.

On November 25, 1998, CIGA again appealed to the board, claiming that the commissioner improperly (1) denied its motion to correct the record and add a finding regarding the date notice of the plaintiff's claims was sent to CIGA, (2) failed to find the date that notice of the plaintiff's claim was sent to CIGA, (3) failed to conclude that the plaintiff's claim was barred because notice of it was not timely filed, (4) failed to conclude that the plaintiff's claim was not covered under the Workers' Compensation Act, General Statutes § 31-275 et seq., (5) denied CIGA's motion to open the record to introduce the transcript of the deposition of Mazzara, (6) failed to conclude that CIGA was not liable for the claim because the plaintiff did not exhaust his rights under other insurance policies, and (7) failed to conclude that the plaintiff's claim for interest and attorney's fees was not warranted because CIGA had a good faith basis for contesting the plaintiff's claims.

In a motion dated January 8, 1999, the plaintiff requested additional attorney's fees on the ground that CIGA's attempt to revive its notice claim was another example of CIGA's "stonewalling and foot-dragging" as prohibited by General Statutes § 31-300.[4] The commissioner granted the plaintiff's motion and ordered CIGA to pay attorney's fees in the amount of $800. On January

___

[4] General Statutes § 31-300 provides in relevant part that "[i]n cases where, through the fault or neglect of the . . . insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include in his award . . . a reasonable attorney's fee. . . ."

11, 1999, CIGA made another attempt to introduce the transcript of the deposition of Mazzara by filing a motion to submit additional evidence. The commissioner denied CIGA's motion.

In its decision concerning CIGA's appeal (*Pantanella II*), the board concluded that in its discretion, as discussed in *Bowman* v. *Jack's Auto Sales*, 54 Conn. App. 289, 293–94, 734 A.2d 1036 (1999), it need not address CIGA's claims that the commissioner improperly failed to conclude (1) that the plaintiff's claim was not covered under the Workers' Compensation Act and (2) that CIGA was not liable because the plaintiff did not exhaust his rights under other insurance policies, as those claims had been addressed in *Pantanella I*. The board then affirmed the commissioner's ruling with respect to CIGA's other claims by concluding that (1) CIGA affirmatively waived its claims regarding notice and (2) the commissioner did not abuse his discretion by denying CIGA's motion to open or by awarding attorney's fees. This appeal followed.

Before addressing the merits of CIGA's claims, we first set forth our standard of review for workers' compensation appeals. "The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of [the] actions of the [board] is [similarly] . . . limited. . . . [However,] [t]he decision of the [board] must be correct in law, and it must not include facts

found without evidence or fail to include material facts which are admitted or undisputed." (Citations omitted; internal quotation marks omitted.) *Bryan* v. *Sheraton-Hartford Hotel*, 62 Conn. App. 733, 739, 774 A.2d 1009 (2001).

I

CIGA first claims that the board improperly affirmed the commissioner's award of attorney's fees. We disagree.

The commissioner found that on September 28, 1995, he had ordered that no further evidence would be admitted. CIGA ignored the commissioner's order by attempting, on a number of occasions, to introduce the transcript of the deposition of Mazzara. The commissioner also found that the litigation that resulted from CIGA's attempts to introduce the deposition caused undue delay in the payment of benefits to the plaintiff. On the basis of his findings, the commissioner awarded attorney's fees.

Applying § 31-300 to the facts as found by the commissioner, we conclude that the board properly affirmed the award of attorney's fees.

II

CIGA next argues that the board improperly concluded that CIGA had waived any claim that the statute of limitations barred the plaintiff's claim. More specifically, CIGA argues that the commissioner improperly concluded that its waiver of the statute of limitations defense provided by General Statutes § 31-294c[5] oper-

[5] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease . . . . Notice of a claim for compensation may be given to the employer or any commissioner . . . ."

ated as a waiver of the statute of limitations defense provided by General Statutes § 38a-841 (1) (a) (ii) (B).[6] We disagree.

CIGA concedes that the commissioner properly found that it expressly waived the statute of limitations defense pursuant to § 31-294c. Assuming, without deciding, that CIGA did not expressly waive the statute of limitations defense under § 38a-841 (1) (a) (ii) (B), we nevertheless conclude that its waiver of a defense under § 31-294c operated as a waiver of a defense under § 38a-841 (1) (a) (ii) (B).

Our resolution of CIGA's claim requires us to construe the meaning of the two statutes at issue. "It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent. . . . *Starr* v. *Commissioner of Environmental Protection*, 236 Conn. 722, 737, 675 A.2d 430 (1996). In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *Fleming* v. *Garnett*, 231 Conn. 77, 92, 646 A.2d 1308 (1994); *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994). . . . [C]ommon sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result. . . . *Elliot* v. *Sears, Roebuck & Co.*, 229 Conn. 500, 515, 642 A.2d 709 (1994); *State* v. *Hinton*, 227 Conn. 301, 320, 630 A.2d 593 (1993). . . . *Cannata* v. *Dept. of Environmental Protection*, 239 Conn. 124, 140–41, 680

---

[6] General Statutes § 38a-841 (1) (a) (ii) provides in relevant part: "[I]n no event shall . . . (B) [CIGA] be obligated for any claim filed with [CIGA] after the expiration of two years from the date of the declaration of insolvency unless such claim arose out of a workers' compensation policy and was timely filed in accordance with section 31-294c . . . ."

A.2d 1329 (1996)." (Citations omitted; internal quotation marks omitted.) *Carpenter* v. *Freedom of Information Commission*, 59 Conn. App. 20, 24, 755 A.2d 364, cert. denied, 254 Conn. 933, 761 A.2d 752 (2000). Where "the language of the statute is plain and unambiguous, we will not look beyond the words themselves . . . ." *Szczapa* v. *United Parcel Service, Inc.*, 56 Conn. App. 325, 329, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000). Finally, "we are guided by the principle that the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires us to read statutes together when they relate to the same subject matter . . . ." (Citations omitted; internal quotation marks omitted.) *Derwin* v. *State Employees Retirement Commission*, 234 Conn. 411, 420, 661 A.2d 1025 (1995).

Section 38a-841 (1) (a) (ii), provides that "in no event shall . . . (B) [CIGA] be obligated for any claim filed with [CIGA] after the expiration of two years from the date of the declaration of insolvency unless such claim arose out of a workers' compensation policy and was timely filed in accordance with section 31-294c . . . ." Here, through its express waiver, CIGA concedes that the plaintiff's claim was timely filed in accordance with the provisions of § 31-294c. When the statutes are read together, it may reasonably be inferred from their language that the legislature intended that CIGA's express waiver of the statute of limitations defense under § 31-294c would operate as a waiver of the statute of limitations defense under § 38a-841 (1) (a) (ii) (B).

### III

CIGA next claims that the commissioner improperly denied its motion to correct the record. More specifically, CIGA argues that because Mazzara's reports are not based on a reasonable degree of medical probability, the commissioner should have corrected his finding

to indicate that no medical opinion was introduced into the record. We disagree.

The following additional facts are necessary for our resolution of CIGA's claim. In his findings and award dated July 3, 1996, the commissioner found that Mazzara's opinion regarding the plaintiff's permanent partial disability was well founded, reasonable and persuasive. CIGA filed a motion to correct the commissioner's findings, alleging, inter alia, that Mazzara's opinion was not based on a reasonable degree of medical probability.[7] CIGA requested that the commissioner correct his findings to reflect the fact that no medical opinion was introduced into the record. The commissioner denied CIGA's motion to correct.

In workers' compensation matters, "the commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . ." *Keenan* v. *Union Camp Corp.*, 49 Conn. App. 280, 286, 714 A.2d 60 (1998). "We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Simmons* v. *Bonhotel*, 40 Conn. App. 278, 286, 670 A.2d 874 (1996). In his March 21, 1995 letter, Mazzara offered his written,

---

[7] In support of its position, CIGA cites to portions of two letters written by Mazzara. In the first letter, dated June 3, 1994, Mazzara wrote that "since that was the first time I had an opportunity to evaluate the [plaintiff], it is not possible for me to attribute an apportionment of the permanency rating to specific previous injuries." In the second letter, dated July 27, 1994, Mazzara wrote that "[i]t is difficult if not impossible to assign a [permanency] percentage to each specific event in an individual who has made multiple and recurrent episodes and reinjuries to his lower back." Mazzara, in a subsequent letter, dated March 21, 1995, attributed 40 percent of the plaintiff's partial permanent disability to the first injury, 40 percent to the second injury and 20 percent to the third injury. As a basis for his opinion, Mazzara cited his notes regarding the plaintiff's treatment for the injuries and a magnetic resonance imaging report.

expert opinion regarding the permanency percentages for the plaintiff's injuries. Mazzara based his opinion on his review of his notes and the plaintiff's medical records.[8] The commissioner, as the sole arbiter of the weight of the evidence, was entitled to accept or reject that opinion. See *Keenan* v. *Union Camp Corp.*, supra, 286. Accordingly, we conclude that the commissioner properly denied CIGA's motion to correct.

## IV

CIGA claims finally[9] that the commissioner abused his discretion by denying CIGA's motion to open the record to admit the transcript of Mazzara's deposition. We disagree.

"[T]he decision whether to open a compensation hearing and to admit additional evidence rests very largely within the discretion of the commissioner." (Internal quotation marks omitted.) *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 543, 612 A.2d 1222 (1992). The party seeking to have the record opened

---

[8] CIGA argues that pursuant to our holding in *Card* v. *State*, 57 Conn. App. 134, 747 A.2d 32 (2000), the commissioner improperly credited Mazzara's expert opinion because his letters of June 3, 1994, and July 27, 1994, reveal that his opinion could not have been based on a reasonable probability. See id., 138–39. We conclude, however, that as the sole arbiter of the weight of the evidence; *Keenan* v. *Union Camp Corp.*, supra, 49 Conn. App. 286; the commissioner properly determined that Mazzara's March 21, 1995 opinion was based on a reasonable probability.

[9] CIGA makes three other claims that are equally without merit. First, CIGA claims that the commissioner improperly failed to follow the controlling case law in *Hunnihan* v. *Mattatuck Mfg. Co.*, 243 Conn. 438, 705 A.2d 1012 (1997). Because we agree with the board's conclusion that the facts of *Hunnihan* are inapposite to the facts here, we reject CIGA's claim. Second, CIGA claims that the commissioner improperly admitted Mazzara's medical reports into evidence. On the basis of our review of the record, we conclude that this claim is raised for the first time on appeal. We therefore refuse to review the claim. See Practice Book § 60-5. Third, CIGA claims that the commissioner improperly denied CIGA its right to cross-examine Mazzara. On the basis of our review of the record, we conclude that CIGA was not denied its right to cross-examine Mazzara.

to introduce new evidence must demonstrate, by a preponderance of the evidence, that: "(1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." (Internal quotation marks omitted.) Id., 542.

The commissioner, in his written decision on the motion to open, found that (1) Mazzara's July 27, 1994, report was introduced into the proceedings on July 20, 1995, (2) on September 28, 1995, the commissioner ordered that no evidence would be admitted, (3) after the commissioner's order, CIGA requested leave to take the deposition of Mazzara, (4) the commissioner denied CIGA's request and (5) despite the commissioner's order, CIGA took Mazzara's deposition. The commissioner concluded that CIGA did not present any reasonable basis that would warrant introduction of the transcript after the close of evidence. Accordingly, the commissioner denied CIGA's motion to open.

The commissioner's conclusion "must stand unless it is one which could not reasonably or logically be reached on the subordinate facts." (Internal quotation marks omitted.) Id., 543. On the basis of the facts as found by the commissioner, we conclude that the commissioner did not abuse his discretion by denying CIGA's motion to open the record.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.