THOMAS MANKUS *v.* ROBERT MANKUS ET AL.
(AC 28033)

DiPentima, Harper and Stoughton, Js.

Argued February 6—officially released May 13, 2008

*Neil Johnson,* for the appellant (plaintiff).

*Donna H. Summers,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellee (defendant second injury fund).

*Opinion*

STOUGHTON, J. The plaintiff, Thomas Mankus, has appealed from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) to open a previous finding and award and to dismiss the compensation claim for lack of subject matter jurisdiction. He claims that (1) the defendant second injury fund (fund) may not challenge the commissioner's subject matter jurisdiction over a claim when the alleged employer has not done so, (2) the evidence does not support a finding of no employment relationship, and (3) the board misinterpreted and failed to rule on his motion to submit additional evidence. We affirm the decision of the workers' compensation review board.

The opinion of the board sets out the following relevant history. On November 9, 1995, the plaintiff was injured when he fell off a ladder at a home renovation project in Windsor. On December 30, 1995, he filed a form 30C with the commissioner, requesting compensation payments and asserting that he was working for his brother, the defendant Robert Mankus, at the time

of the injury. A formal hearing was held on the claim on April 1, 1997. Neither the alleged employer, Robert Mankus, nor the fund attended the hearing. The commissioner issued a finding and award on September 12, 1997, finding an employer-employee relationship between the plaintiff and Robert Mankus and determining that the injury was compensable. Robert Mankus lacked insurance, and, as a result, the statutory responsibility for the compensable injury, if Robert Mankus did not pay the award, was the obligation of the fund. The commissioner issued a supplemental finding on October 17, 1997, ordering the fund to pay the plaintiff's award, which it did for several years. The fund eventually located Robert Mankus, in the fall of 2003, and he stated that he had not employed the plaintiff on the date of the accident. The fund filed a motion to open the 1997 finding and award on the basis of newly discovered evidence and filed a motion to dismiss the claim on the basis of a lack of subject matter jurisdiction. After a new formal hearing, the commissioner granted the motion to open, found that there was no employment relationship between the plaintiff and Robert Mankus and dismissed the claim for lack of subject matter jurisdiction on June 7, 2005. The board affirmed the decision, and this appeal followed.

I

The plaintiff first claims that the commissioner improperly entertained the fund's motion to dismiss.[1] The plaintiff argues that (1) the fund is precluded from

---

[1] Although the plaintiff asserts, in a caption in his appellate brief, that he is also challenging the commissioner's granting of the fund's motion to open the decision to award benefits, he provides no analysis challenging the propriety of the commissioner's granting of that motion. Therefore, we conclude that the plaintiff has abandoned this claim and presume for the purposes of this appeal that the motion to open was granted properly. See *State* v. *Sawyer*, 279 Conn. 331, 342 n.11, 904 A.2d 101 (2006) (claims on appeal inadequately briefed are deemed abandoned).

challenging the commissioner's subject matter jurisdiction over his claim because the alleged employer has not done so, and the fund may not "step in the shoes" and assert the rights of the alleged employer, and (2) the fund is prevented by statute from challenging subject matter jurisdiction after failing to contest liability for payment within twenty-eight days of the notice directing payment, as provided by General Statutes § 31-355 (b). We do not agree.

The plaintiff cites no authority indicating that the fund's ability to challenge the commissioner's subject matter jurisdiction over the claim hinges on the alleged employer's doing so. More importantly, the plaintiff misconstrues the nature of subject matter jurisdiction. The plaintiff states, in his appellate brief, that the fund is "invoking the substantive rights of the noncomplying employer." Although the alleged employer may have benefited from the grant of the fund's motion to dismiss, case law makes clear that subject matter jurisdiction is not a personal right, susceptible to waiver by the parties but, rather, is a question of the court's or agency's power to entertain the particular matter before it. *Castro* v. *Viera*, 207 Conn. 420, 427–30, 541 A.2d 1216 (1988). Further, once the question of the agency's subject matter jurisdiction over the claim has been raised, that issue "must be disposed of no matter in what form it is presented . . . ." (Citations omitted; internal quotation marks omitted.) Id., 429. Thus, we are unpersuaded that the alleged employer's failure to contest the commissioner's subject matter jurisdiction precluded the fund from doing so.

We also disagree with the plaintiff's argument that the fund is statutorily precluded from challenging subject matter jurisdiction once the appeal period has ended. The commissioner has no jurisdiction to hear and to decide a workers' compensation claim in the absence of an employment relationship. Id., 433. General Statutes

§ 31-355 (b) provides in relevant part: "If the Treasurer fails to file the notice contesting liability within the time prescribed in this section, the Treasurer shall be conclusively presumed to have accepted the compensability of such alleged injury or death from the . . . [f]und and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or contest the extent of the employee's disability."

By its own terms, § 31-355 (b) concerns awards made to an employee and can have no application when the employment relationship does not exist at all. Thus, the statutory language does not prevent the fund from arguing, after the appeal period, that the commissioner lacked jurisdiction. A claim similar to the plaintiff's, on the basis of nearly identical statutory language, was rejected in *Castro* v. *Viera*, supra, 207 Conn. 433. A claim of want of jurisdiction may be raised at any time and once raised must be dealt with before any other proceedings are taken. Id., 429. Therefore, we disagree that the commissioner improperly entertained the fund's motion to dismiss.

II

The plaintiff next asserts that the evidence did not support the finding by the commissioner on June 7, 2005, that he was not an employee of Robert Mankus on November 9, 1995. We disagree.

At the hearing, the plaintiff testified that Robert Mankus had visited him the night before the injury and offered to hire him to help with a job replacing the roof of Francesca Strong. He further testified that he had accepted the job and that Robert Mankus had provided directions and agreed to pay the plaintiff in the same manner in which he had paid the plaintiff for previous jobs. The plaintiff testified that he had been working at the site on the day of the injury, preparing plywood

and then laying the plywood on the roof. The plaintiff did not provide any other direct evidence of his employment status besides his testimony, although he did proffer a contract that was allegedly the contract between Strong and Robert Mankus to make the roof repairs. Although the contract does not mention the plaintiff, the plaintiff argues here that the contract provides evidence that Robert Mankus intended to hire others to assist him with repairing the roof. The plaintiff also argues that his mere presence at the job site is evidence that he was working for his brother at the time of the injury.

Robert Mankus also testified regarding the plaintiff's employment status. He testified that he had not hired the plaintiff or anyone else to assist in the repair, that the plaintiff had not done any work on the project on the day of the injury and that he was unaware that the plaintiff was even at the job site until after the plaintiff had been injured.

The commissioner heard argument during the hearing on issues other than the plaintiff's employment status. Among the other issues discussed was whether the plaintiff had been intoxicated at the time of his injury. The commissioner believed that the testimony provided by the plaintiff was inconsistent and concluded that the plaintiff "was not truthful in his testimony to this commission as to his intoxication at the time of the injury . . . ." He further found that none of the plaintiff's testimony was credible or persuasive and, therefore, concluded that the plaintiff "was not employed by Robert Mankus on the date of injury." In addition to disbelieving the plaintiff's testimony that he had been working at the site at the direction of Robert Mankus at the time of the injury, the commissioner specifically credited the testimony of Robert Mankus.

We have frequently stated that the commissioner is the sole trier of fact and that the conclusions drawn

by the commissioner from those facts must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. On appeal, the board must determine whether there is any evidence in the record to support the commissioner's finding and award. Similarly, in our review of the actions of the board, our role is to determine whether the board's decision resulted from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Marandino* v. *Prometheus Pharmacy*, 105 Conn. App. 669, 677, 939 A.2d 591, cert. granted on other grounds, 286 Conn. 916, 917, 945 A.2d 977 (2008).

At the hearing on the motion to open the original finding and award, the commissioner heard conflicting evidence. The commissioner determined that the testimony of Robert Mankus was credible and that the testimony of the plaintiff was not. This clearly was a determination for the commissioner to make. Further, the commissioner found that the plaintiff had lied during his testimony about other facts; the commissioner reasonably could have considered these other inconsistencies when evaluating the plaintiff's testimony regarding his employment status. See *Gibbons* v. *United Technologies Corp.*, 63 Conn. App. 482, 486, 777 A.2d 688, cert. denied, 257 Conn. 905, 777 A.2d 193 (2001). Neither the alleged contract, which does not mention the plaintiff, nor the plaintiff's mere presence at the job site is sufficient evidence to compel a finding that the plaintiff was employed by Robert Mankus at the time of the injury.[2]

---

[2] The plaintiff also asserts that in his opinion the commissioner improperly failed to discuss the contract. The plaintiff has not provided any authority, however, to suggest that the commissioner is bound to discuss every piece of evidence, no matter how indirectly related to a claim, in his finding. Because the plaintiff has failed to provide legal analysis, we decline to review the issue.

We agree with the board that the commissioner's determination that the plaintiff failed to demonstrate that he was employed by Robert Mankus at the time of the injury was supported by the record.

### III

Finally, the plaintiff claims that the board improperly interpreted his motion to submit additional evidence, directed to the board, as being a motion directed to the commissioner and, as a result, conducted an incorrect review. We conclude that the plaintiff has failed to demonstrate that any error committed by the board was harmful.

The following facts are relevant to the plaintiff's claim. The commissioner rendered his decision dismissing the plaintiff's claim on June 7, 2005. The plaintiff filed a detailed motion to correct on June 21, 2005, which was denied in its entirety on September 12, 2005, and a petition for review by the board on June 24, 2005. On November 8, 2006, the plaintiff filed a motion to submit additional evidence to the board. In the motion, the plaintiff alleged that the state had initiated criminal proceedings against him and that the charges included workers' compensation fraud pursuant to General Statutes § 31-290c. According to the plaintiff, trial on these charges commenced on October 20, 2005, and continued until October 27, 2005. The plaintiff alleged that three of the witnesses at the criminal proceeding also testified at the compensation proceeding. These witnesses were Robert Mankus, Strong and James Eatherton. The plaintiff asserted in his motion that the board should consider the transcripts of the testimony of Robert Mankus, Strong and Eatherton at the criminal trial because their testimony was "materially different" from their testimony to the commissioner. The plaintiff stated: "These material differences should constitute new evidence, which the . . . [b]oard should hear."

The plaintiff further alleged that an eyewitness to the 1995 injury had testified at the criminal trial and that this witness was out of state at the time of the compensation hearing and argued that the board should consider his testimony as new evidence as well.

The board did not rule on the plaintiff's motion before the time of the hearing, and the plaintiff raised the issue during argument. He stated to the board: "In the criminal case, the defendant [Robert] Mankus testified, and that is one of the transcripts that we propose to submit . . . in accordance with our motion. We believe that the testimony, which was materially different than what was heard before the commissioner, would be helpful in making your determination." Near the end of his argument, the plaintiff again raised the issue of the transcripts, stating: "To sum up, it is clear in this case that the testimony before the criminal court in terms of our motion to add . . . that the standard has been met for you to see the additional evidence. That additional evidence provides testimony from the defendant, Mr. [Robert Mankus], from Mrs. Strong, the property owner, and from an independent witness that was living in Maine that came down, and I think that that information would be helpful to you and as new evidence."

When the board issued its opinion affirming the commissioner's dismissal of the claim, it addressed the plaintiff's motion in a footnote, stating: "The [plaintiff] claims error by the failure of the trial commissioner to admit additional evidence, i.e., the [plaintiff's] acquittal on criminal workers' compensation fraud charges after the closure of the formal hearing. We find no error. This evidence fails to comport to the requirements enumerated in *Pantanella* v. *Enfield Ford, Inc.*, 65 Conn. App. 46, 57–58, 782 A.2d 141, cert. denied, 258 Conn. 930, 783 A.2d 1029 (2001). Acquittal in a criminal proceeding

lacks relevance as to whether the commission ever had subject matter jurisdiction over the claim."

The plaintiff argues that the board clearly misinterpreted his motion and that, as a result, its determination must be reversed. We conclude that the plaintiff has failed to demonstrate that any error committed by the board was harmful.

The board is statutorily authorized to review additional evidence, not submitted to the commissioner, in limited circumstances. General Statutes § 31-301 (b) provides: "The appeal [from the commissioner] shall be heard by the . . . [b]oard as provided in [General Statutes §] 31-280b. The . . . [b]oard shall hear the appeal on the record of the hearing before the commissioner, provided, if it is shown to the satisfaction of the board that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, the . . . [b]oard may hear additional evidence or testimony." The procedure that parties must employ in order to request the board to review additional evidence is provided in § 31-301-9 of the Regulations of Connecticut State Agencies, which provides: "If any party to an appeal shall allege that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, he shall by written motion request an opportunity to present such evidence or testimony to the compensation review division, indicating in such motion the nature of such evidence or testimony, the basis of the claim of materiality, and the reasons why it was not presented in the proceedings before the commissioner. The compensation review division may act on such motion with or without a hearing, and if justice so requires may order a certified copy of the evidence for the use of the employer, the employee or both, and

such certified copy shall be made a part of the record on such appeal."

Thus, in order to request the board to review additional evidence, the movant must include in the motion (1) the nature of the evidence, (2) the basis of the claim that the evidence is material and (3) the reason why it was not presented to the commissioner. See *Cummings* v. *Twin Tool Mfg. Co.,* 40 Conn. App. 36, 45 n.6, 668 A.2d 1346 (1996); *Vetre* v. *Dept. of Children & Families,* No. 4848 CRB-6-04-8 (August 19, 2005); see also 1 A. Sevarino, Connecticut Workers' Compensation After Reforms (3d Ed. 2006) § 10.86, p. 1800 ("[i]t is always necessary to provide specific reasons for wanting the new evidence to be admitted"). "A material fact is one that will affect the outcome of the case." (Internal quotation marks omitted.) *Shepard* v. *Wethersfield Offset, Inc.,* 98 Conn. App. 682, 686, 910 A.2d 993 (2006), cert. denied, 281 Conn. 911, 916 A.2d 51 (2007).

The plaintiff failed, both in his motion and at oral argument before the board, to explain why he believed that his proffered new evidence was material to his case and therefore has failed to comply with the second requirement that he must include in his motion the basis of the claim that the evidence is material. Although he asserted that the evidence would be helpful to the board's review, the plaintiff did not explain how the evidence would be helpful. As to the allegedly inconsistent testimony of Robert Mankus, Strong and Eatherton, the plaintiff never described how the testimony was inconsistent or demonstrated that any such inconsistency was material to his case. The plaintiff did not indicate whether he intended to introduce the evidence to impeach the testimony that Robert Mankus, Strong and Eatherton provided at the compensation proceeding, or whether he believed that their testimony at the criminal trial provided substantive evidence that he was

employed by Robert Mankus at the time of the injury.[3] Similarly, the plaintiff does not indicate for what purpose he thought the out-of-state witness' testimony was material to his case. The motion is devoid of any description of the nature of this testimony provided at the criminal trial.

Therefore, even were we to agree with the plaintiff that the board misconstrued his motion and employed an improper standard to review it, or failed to review it, we conclude that he has not demonstrated harm because he has failed to show that his motion was drafted adequately such that the board might have granted it.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[3] In his appellate brief, the plaintiff again generically asserts that "[t]he change in testimony regarding the same set of issues and the same set of facts regarding the same parties absolutely could have and would have changed the result of the . . . [b]oard's decision."