OSVALDO DIAZ *v.* JAIME PINEDA ET AL.
(AC 30147)

Lavine, Beach and McDonald, Js.

Argued March 20—officially released October 20, 2009

*Kevin M. Blake*, with whom, on the brief, was *Rebekah L. Sprano*, for the appellant (plaintiff).

*Lawrence G. Widem*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Glenn A. Woods*, assistant attorney general, for the appellee (defendant second injury fund).

*Opinion*

BEACH, J. The plaintiff, Osvaldo Diaz, appeals from the decision of the workers' compensation review board (board) affirming the workers' compensation commissioner's (commissioner) denial of his claims against the defendant Jaime Pineda for temporary total disability benefits and additional medical treatment. On appeal, the plaintiff claims that the board improperly (1) affirmed the commissioner's findings that he was not entitled to temporary total disability benefits or additional medical treatment and (2) denied his motion to submit additional evidence. We affirm in part and reverse in part the decision of the board.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The first portion of the bifurcated formal hearing resolved the compensation rate. The commissioner found the following facts in the finding and award. Pineda is the sole owner of J.P. Landscaping Company. On July 11, 2005, the plaintiff fell from a ladder while working at a job site that was under Pineda's supervision and control. As a result of the fall, the plaintiff suffered injury to his left shoulder, neck, lower back, ribs and left thumb. On the date of the plaintiff's injury, Pineda did not have workers' compensation insurance coverage. The defendant second injury fund, accordingly, defended the claim.[1] In the finding and award dated October 6, 2006, the commissioner concluded that the plaintiff had a compensation rate of $277.05 per week. Further hearings were scheduled to "address the issues of indemnity benefits, medical treatment, and the payment of medical bills."

The second part of the bifurcated formal hearing was held on the issues of, inter alia, whether the plaintiff

---

[1] Pineda did not appear before the commissioner or the board and is not a party to this appeal.

was in need of further medical treatment and whether he was entitled to temporary total disability benefits. The commissioner issued a second finding and award on July 5, 2007. The commissioner found that Reuben M. Malkiel, the plaintiff's treating chiropractic physician, provided no medical information concerning the plaintiff's need for further treatment other than a letter dated January 25, 2007. This letter was signed by Malkiel and also by Felix Almentero, a physician who was board certified in physical medicine and rehabilitation. The letter referenced a "suspected" tear in the plaintiff's left shoulder and a "probable" herniated intervertebral disc of the lumbar spine. If these diagnoses were "found to be so," according to the commissioner's reading of the letter, then a magnetic resonance imaging (MRI) scan and an orthopedic consult would be appropriate. The commissioner also found that Malkiel never restricted the plaintiff's work or movements and never prescribed a "treatment plan." The commissioner found that there was no evidence to establish temporary total disability other than the plaintiff's testimony regarding the pain he had experienced. The commissioner concluded in the July 5, 2007 finding and award that the plaintiff did not produce sufficient evidence to support payment for further treatment and that he had not proved that he was entitled to temporary total disability benefits. The commissioner required the fund to pay medical bills already incurred. The plaintiff thereafter appealed to the board.

The board affirmed the commissioner's conclusions that the plaintiff was not entitled to temporary total disability benefits or further medical treatment and dismissed the appeal. The board at that time also denied the plaintiff's motion to submit additional evidence. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The plaintiff first claims that the board improperly affirmed the commissioner's findings that he was not entitled to temporary total disability benefits or additional medical treatment.

We apply a well settled standard of review in appeals from the board. "[W]hen a decision of a commissioner is appealed to the review [board], the review [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . It is the power and the duty of the commissioner, as the trier of fact, to determine the facts. . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . Similarly, [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Samaoya* v. *Gallagher*, 102 Conn. App. 670, 673–74, 926 A.2d 1052 (2007).

A

The plaintiff claims that the board improperly affirmed the commissioner's decision denying him temporary total disability benefits arising out of the inability to work for any period of time following the accident. We agree.

"[A] plaintiff is entitled to total disability benefits under General Statutes § 31-307 (a) only if he can prove

that he has a total incapacity to work. . . . The plaintiff [bears] the burden of proving an incapacity to work . . . . Our Supreme Court has defined total incapacity to work as the inability of the employee, because of his injuries, to work at his customary calling or at any other occupation which he might reasonably follow." (Internal quotation marks omitted.) *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App. 15, 20, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003).

The commissioner found that "[n]otwithstanding [the plaintiff's] statement at trial that he has pain sufficient enough to prevent him from working from the date of his injury on July 11, 2005, to the present time, there is no other or corroborating evidence to establish his temporary total disability as he alleges" and determined that the plaintiff was not entitled to temporary total disability benefits. The commissioner did not state that any corroborating evidence was not credible, nor can we imply such a finding. The commissioner simply expressly stated that there was no other evidence. This finding is not supported by the record. There was evidence in the record that tends to establish a finding of temporary total disability. An emergency department report from Stamford Hospital on the date of injury reveals that the plaintiff suffered a dislocated shoulder, which was reduced. His arm was placed in a sling. An X ray of his left hand showed an open fracture to the proximal phalanx. He was discharged with Keflex and Vicodin for pain control and with instructions to see an orthopedic surgeon the following day to obtain treatment for the open fracture. An X ray report dated July 29, 2005, reveals that the plaintiff sustained multiple rib fractures. A November 18, 2005 medical report indicates that the plaintiff was "totally incapacitated" at the time of the report. The commissioner's determination that there was no other evidence to support a finding of

temporary total disability is material to the commissioner's finding that the plaintiff was not entitled to temporary total disability benefits. See *Colliers, Dow & Condon, Inc.* v. *Schwartz*, 88 Conn. App. 445, 446–47 n.2, 871 A.2d 373 (2005) (reversal not warranted if clearly erroneous factual findings not material).

We conclude that the board improperly affirmed the commissioner's finding that the plaintiff was not entitled to temporary total disability benefits.[2] Because the determination of whether the plaintiff is entitled to temporary total disability benefits for any period of time following the injury involves the weighing of evidence, we cannot make such a determination. See *Young* v. *Young*, 112 Conn. App. 120, 128, 961 A.2d 1029 (2009) (appellate court cannot decide matters of credibility). Therefore, on the specific facts of this case, we reverse the decision of the board affirming the commissioner's finding that the plaintiff is not entitled to temporary total disability benefits for any period of time but make no determination as to whether the plaintiff is so entitled and, if so, for what period of time. That determination will be made by the commissioner on remand.

B

The plaintiff next claims that the board improperly affirmed the commissioner's conclusion that the evidence presented was not sufficient to support an award of compensation for additional medical treatment. The plaintiff argues that the January 25, 2007 letter demonstrated that a treatment plan had been established for him, which consisted of an MRI scan and an orthopedic consultation if the scan was positive. The plaintiff

[2] Much of the commissioner's finding seems to concern whether the plaintiff was entitled to temporary total disability benefits at the time of the hearing. The evidence to which we refer relates to an earlier period of time and perhaps may be relevant to the time frame shortly after the accident.

asserts that the commissioner overlooked this evidence. We disagree.

Our review of the record leads us to conclude that the commissioner's determination that the plaintiff was not entitled to additional medical treatment was not unreasonable. In the January 25, 2007 letter, Malkiel stated that the plaintiff had a "suspected" tear in his left shoulder and a "probable" herniated intervertebral disc of the lumbar spine. He further stated in the letter that the plaintiff would likely require an orthopedic consultation regarding the need for surgery if the MRI scans were positive.[3] It was permissible for the commissioner to determine that the plaintiff had not proven that he was entitled to additional medical treatment in light of the fact that Malkiel's letter referred to "suspected" and "probable" injuries; in any event, the commissioner was not required to believe the statements in the letter. The commissioner found that the plaintiff would have the opportunity to present a new claim for payment for further treatment in the future, if the claim was presented with proper and convincing medical evidence. The commissioner was not obligated to credit any evidence. See *D'Amico* v. *Dept. of Correction*, 73 Conn. App. 718, 725, 812 A.2d 17 (2002) ("It is the quintessential function of the finder of fact to reject or accept evidence and to believe or disbelieve any expert testimony. . . . The trier may accept or reject, in whole or in part, the testimony of an expert." [Internal quotation marks omitted.]), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003). The board properly affirmed the commissioner's conclusion that the evidence presented did not compel authorization to pay for additional medical treatment.

---

[3] The letter and the commissioner's summary of the letter in the July 5, 2007 finding and award are not entirely consistent regarding the need for an MRI scan.

## II

The plaintiff next claims that the board improperly denied his motion to submit additional evidence. We disagree.

The following additional facts are necessary to review the plaintiff's claim. On July 5, 2007, the commissioner issued his finding and award. On November 8, 2007, the plaintiff filed a motion to submit additional evidence to the board. The additional evidence consisted of a medical report dated October 29, 2007, from Henry M. Rubinstein, an orthopedic surgeon. In its memorandum of decision, the board denied the plaintiff's motion but suggested that the plaintiff could request that the commissioner approve additional medical treatment on the basis of a change in circumstance and the existence of additional evidence.

We first set forth the applicable standard of review. "The board is statutorily authorized to review additional evidence, not submitted to the commissioner, in limited circumstances. General Statutes § 31-301 (b) provides: 'The appeal [from the commissioner] shall be heard by the . . . [b]oard as provided in [General Statutes §] 31-280b. The . . . [b]oard shall hear the appeal on the record of the hearing before the commissioner, provided, if it is shown to the satisfaction of the board that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, the . . . [b]oard may hear additional evidence or testimony.' The procedure that parties must employ in order to request the board to review additional evidence is provided in § 31-301-9 of the Regulations of Connecticut State Agencies, which provides: 'If any party to an appeal shall allege that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, he shall

by written motion request an opportunity to present such evidence or testimony to the compensation review division, indicating in such motion the nature of such evidence or testimony, the basis of the claim of materiality, and the reasons why it was not presented in the proceedings before the commissioner. The compensation review division may act on such motion with or without a hearing, and if justice so requires may order a certified copy of the evidence for the use of the employer, the employee or both, and such certified copy shall be made a part of the record on such appeal.'

"Thus, in order to request the board to review additional evidence, the movant must include in the motion (1) the nature of the evidence, (2) the basis of the claim that the evidence is material and (3) the reason why it was not presented to the commissioner." *Mankus* v. *Mankus*, 107 Conn. App. 585, 595–96, 946 A.2d 259, cert. denied, 288 Conn. 904, 953 A.2d 649 (2008). The question whether additional evidence should be taken calls for an exercise of discretion by the board, which we review under the abuse of discretion standard. See *Salmon* v. *Dept. of Public Health & Addiction Services*, 58 Conn. App. 642, 664, 754 A.2d 828 (2000), rev'd on other grounds, 259 Conn. 288, 788 A.2d 1199 (2002).

The plaintiff argued before the board that he had good reason to submit Rubinstein's medical report after the close of the formal hearing before the commissioner because he could not afford to be examined at the time of the hearing before the commissioner. The board found that the additional evidence presented was material to the case but that the plaintiff had not shown sufficient reasons for not presenting such evidence to the commissioner. The board found that the plaintiff had not established that the evidence could not have been obtained at the time of the original hearing. The board stated: "A party who wishes to submit additional evidence to this board must prove that they had good

reasons not to present such evidence at the formal hearing . . . . The . . . [s]econd [i]njury [f]und . . . points out that in *Smith* v. *UTC/Pratt & Whitney*, 3134 CRB 3-95-6 (June 4, 1996), we held the moving party in such a motion must establish [that] the evidence could not have been obtained at the time of the original hearing. The [second injury] [f]und points to the absence of any referral from the treating physician to . . . Rubinstein, and the record does not reflect [that] the [plaintiff] made an effort to obtain this testimony prior to the hearing by utilizing this avenue. The [plaintiff] also did not make any request to the trial commissioner seeking to change the [plaintiff's] treating physician. We believe this would have been a better direction for the [plaintiff] to have pursued." (Citation omitted.)

The board reasonably could have concluded that the plaintiff had not demonstrated that he had good reasons for not presenting such evidence to the commissioner. In the absence of good reason, the plaintiff is not permitted to submit additional evidence before the board. See General Statutes § 31-301 (b). The board has consistently followed a policy of not encouraging the piecemeal presentation of evidence. See, e.g., *Green* v. *General Motors Corp. New Departure*, 5111 CRB-6-06-7 (August 21, 2007); *Schreiber* v. *Town & Country Auto Service*, 4239 CRB-3-00-5 (June 15, 2001). The board did not abuse its discretion in denying the plaintiff's motion to submit additional evidence.

The decision of the workers' compensation review board is reversed only as to the denial of temporary total disability benefits and the case is remanded to the board with direction to remand the case to the commissioner for further proceedings according to law. The decision is affirmed in all other respects.

In this opinion the other judges concurred.